IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH RANDLE,

    *Plaintiff*,

v.

BANK OF AMERICA,

    *Defendant*.

Case No. 6:23-cv-01232-EFM-BGS

**MEMORANDUM AND ORDER**

Before the Court is Defendant Bank of America, N.A.'s[1] Motion to Dismiss pro se Plaintiff Joseph Randle's Complaint (Doc. 7) and Plaintiff's Motion for Hearing (Doc. 10). On September 28, 2023, Plaintiff filed his petition against Defendant in Kansas state court. In a grand total of two pages and four paragraphs, Plaintiff alleged that he deposited $683,025.77 in 2013, $553,463,50 in 2014, and $421,890.56 in 2015 into an account administered by Defendant. Plaintiff claims these funds began slowly disappearing without further detail. He also alleges the account was closed in 2016, and that no money was left in the account at that time. He seeks $2 million "plus pain and suffering."

Defendant removed this case to federal court on October 31, 2023. It now brings the present Motion to Dismiss, arguing that Plaintiff fails to allege sufficient facts to plead a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant also argue that Plaintiff's claims are

---

[1] Plaintiff misnamed Defendant as merely "Bank of America" in his state court petition.

time barred, as the latest date contained within the Complaint is 2016. Plaintiffs responds, but only to argue that the Prison Litigation Reform Act states he did not have to bring a lawsuit while incarcerated.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[9] A pro se litigant is entitled to a liberal construction of his pleadings.[10] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[11] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12]

### III.     Analysis

From the face of Plaintiff's Complaint, it is clear that Plaintiff fails to overcome the relatively low hurdle to plead a judicially cognizable claim. Plaintiffs does not allege any wrongdoing by Defendants. The only facts alleged are that Plaintiff put money into his account and it disappeared. His Response is similarly unhelpful, identifying no further facts which might legally usher Defendant into federal court. Even assuming Plaintiff's meager factual allegations are true, pinning the funds' disappearance on Defendant requires rank speculation. Although the Court grants many leniencies to pro se plaintiffs, it may not speculate on Plaintiff's behalf.

Regardless, Defendant raises the statute of limitations as a defense in this case. Kansas statutes of limitations range from two years for most torts[13] to five years for breach of written contracts.[14] Here, Plaintiff alleges that his account was closed in 2016, and that all money was gone by that time. Any possible wrongdoing by Defendant would have occurred prior to the

---

[9] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] K.S.A. 60-513(a).

[14] K.S.A. 60-511(1).

account's termination, i.e., by 2016 at the latest. Even assuming Plaintiff states a claim for breach of a written contract, the five-year period dating from Defendant's last wrongful act would have expired sometime in 2021, long before Plaintiff filed this case in September 2023. Therefore, the time has passed for Plaintiff to bring any claims relating to alleged disappearance of funds.[15] Accordingly, the Court grants Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. 10) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2024.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] In his Response, Plaintiff argues that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, applies to toll the statute of limitations for the time he was in prison. But this statute is wholly inapplicable to this case, instead requiring the exhaustion of administrative remedies prior to bringing 42 U.S.C. § 1983 claims with respect to prison conditions.